

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JOHN HENRY,<br>　　　　　　Plaintiff,<br><br>vs.<br><br>WARDEN JOHN PALMER, and<br>ASSOCIATE WARDEN STANLEY TERRY,<br>　　　　　　Defendants. | §<br>§<br>§<br>§　CIVIL ACTION NO. 4:24-4096-MGL-TER<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING THIS ACTION WITH PREJUDICE
FOR FAILURE TO PROSECUTE**

　　Plaintiff John Henry (Henry), who is representing himself, brings this 42 U.S.C. § 1983 action against the above-named defendants (collectively, Defendants).

　　The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court this action be dismissed with prejudice for failure to prosecute, pursuant to Fed. R. Civ. Proc. 41(b), and Defendants' motion for summary judgment be rendered as moot. In the alternative, the Magistrate Judge recommends Defendants' motion for summary judgment be granted for failure to exhaust administrative remedies. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

　　The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 29, 2025; and the Clerk entered his "Objections to Defendant[s'] Motion for Summary Judgment" on May 15, 2025. The Court will liberally construe this document as objections to the Report. Defendants filed their reply on May 21, 2025.

Defendants state in their reply the objections are two days late. They are mistaken.

The docket states objections were due on May 13, 2025. As per the prison mailbox rule, a document is filed with the Court once the prisoner delivers the document to prison authorities. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding the pro-se prisoner "filed his notice [of appeal] within the requisite 30-day period when . . . he delivered the notice to prison authorities for forwarding to the District Court."). Although it is unclear when that happened here, it occurred at the latest on May 12, 2025, the postmark date on the envelope containing Henry's objections.

In the Magistrate Judge's March 24, 2025, *Roseboro* Order, he ordered Henry to file a response to Defendants' motion for summary judgment by April 24, 2025. He warned Henry his case might be ended if he failed to act. But, Henry ignored the Magistrate Judge's directive. He also neglected either to request an extension of time to file a response or to offer any excuse for his failure to do so.

The Magistrate Judge's suggestion the Court dismiss this case for failure to prosecute is based on Henry's failure to abide by the *Roseboro* Order and to file a response to Defendants' motion by the April 24, 2025, deadline.

Henry's objections address only the exhaustion-of-remedies issue. He wholly fails to address the Magistrate Judge's suggestion the case be dismissed based on his failure to prosecute the case.

2

"Pro se litigants are entitled to some deference from courts. But they as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." *Ballard v. Carlson*, 882 F.2d 93, 96 (4th 1989).

In deciding whether dismissal for failure to prosecute is proper, "the district court must balance considerations of sound judicial administration, applying four criteria: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978).

These four factors do not comprise a rigid four-pronged test, however; rather, the "propriety of a dismissal . . . depends on the particular circumstances of the case." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). Here, another consideration is the Magistrate Judge's explicit warning to Henry that, if he failed to file a response to Defendants' motion, his case might be dismissed.

Turning to the four factors, first, Henry is representing himself, so he has total responsibility for his failure to file a response to Defendants' motion. Second, Defendants are, of course, prejudiced by the delay caused by Henry's failure to respond to their motion. The continuing payment of attorney fees while this case drags on is just one example of that prejudice. The case hanging over their heads while Henry ignores the clear time limits in his lawsuit against them is another.

Third, concerning Henry's "deliberately proceeding in a dilatory fashion[,]" *id.*, he deliberately ignored the Magistrate Judge's order to respond to Defendants' motion by the April 24, 2025, deadline. And fourth, the Court thinks any less drastic measure than dismissal would be ineffective.

In addition, in view of the Magistrate Judge's warning of the possibility of dismissal if Henry failed to file a response to Defendants' motion, the Court thinks it "ha[s] little alternative to dismissal." *Ballard*, 882 F.2d at 96. "Any other course would . . . place[ ] the credibility of the court in doubt and invite[ ] abuse." *Id*.

Therefore, for all these reasons, the Court will overrule Henry's objections.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Henry's objections, adopts the Report, and incorporates it herein. It is therefore the judgment of the Court this action is **DISMISSED WITH PREJUDICE** for failure to prosecute, pursuant to Rule 41(b). Accordingly, Defendants' motion for summary judgment is necessarily **RENDERED AS MOOT**.

**IT IS SO ORDERED**.

Signed this 3rd day of June, 2025, in Columbia, South Carolina.

                                                  /s/ Mary Geiger Lewis  
                                                  MARY GEIGER LEWIS  
                                                  UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.